NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0146n.06

No. 22-1514

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re: JUANNELIOUS BENJAMIN MURRAY, SR., | ) | **FILED** |
| Debtor. | ) | Mar 29, 2023 |
| | ) | DEBORAH S. HUNT, Clerk |
| _____ | ) | |
| | ) | ON APPEAL FROM THE |
| JUANNELIOUS BENJAMIN MURRAY, SR., | ) | UNITED STATES DISTRICT |
| Plaintiff - Appellant, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| v. | ) | |
| | ) | OPINION |
| SAFIR LAW P.L.C., | ) | |
| Defendant - Appellee. | ) | |
| | ) | |

Before: COLE, CLAY, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

This case returns to us following our prior opinion remanding the case to the bankruptcy court to determine whether to exercise residual jurisdiction. The bankruptcy court declined to exercise jurisdiction over the remaining claims, and the district court concluded that doing so was not an abuse of discretion. We agree.

In 2015, plaintiff Juannelious Murray, through defendant Safir Law, filed suit against Allstate Insurance Company for Michigan no-fault benefits; shortly thereafter, he commenced a Chapter 13 bankruptcy case. This 2016 bankruptcy case was dismissed on October 20, 2016, for Murray's failure to make proposed plan payments. Eight days later, in the state no-fault action, the state court approved a $61,000 settlement. Safir Law retained one-third of the settlement amount (about $20,300) for attorney fees.

In 2018, Murray filed a state-court complaint against Safir Law alleging several things, including malpractice related to the bankruptcy case. As the matter was set for summary disposition in state court, Murray attempted to remove the state proceeding to bankruptcy court and, when that failed, initiated a new six-count adversary proceeding in bankruptcy court alleging substantially similar claims. This attempted removal administratively closed the state case. But the bankruptcy court dismissed the new bankruptcy case along with the adversary complaint for failure to comply with prior conditions set forth by the court.

On appeal, we affirmed that dismissal as to five of the six counts but remanded one count (involving a turnover claim, violation-of-the-automatic-stay claim, and an attorney-fee claim) to the bankruptcy court to "consider whether to exercise its retained subject-matter jurisdiction to adjudicate" those claims. *In re Murray*, No. 20-1910, 2021 WL 4026732, *5 (6th Cir. Sept. 3, 2021). We instructed the court to consider "[f]our factors [to] guide that discretion: 'economy, convenience, fairness, and comity.'" *Id.* (quoting *Peabody Landscape Constr. Inc. v. Schottenstein*, 371 B.R. 276, 281 (S.D. Ohio 2007)).

On remand, the bankruptcy court declined to exercise jurisdiction. According to the court, the three remaining claims had little merit—1) there was no bankruptcy estate at the time of the settlement to which Safir Law could turn over the funds; 2) the state settlement proceeds were never property of the bankruptcy estate so no violation of the automatic stay occurred; and 3) Safir Law neither represented Murray in the 2016 bankruptcy case nor received proceeds during that case, so there was no attorney fee issue. Further, the four factors weighed against retaining jurisdiction as the 2018 state proceeding was still in its infancy, plaintiff's ability to litigate attorney fees was not impaired, and plaintiff owed no duties to the bankruptcy court because the case had been dismissed. Retaining jurisdiction would be "bad policy" in such circumstances,

especially since granting Murray's request for Safir Law to turn over the attorney fees to him without any bankruptcy obligations would grant him an unfair windfall. The district court affirmed on appeal. It agreed with the bankruptcy court's analysis on the merits of Murray's claims; as to the four discretionary factors, it concluded that Murray waived consideration of those factors by failing to address them on appeal. Murray again appealed to our court.

After reviewing the law and the parties' arguments, we conclude that the bankruptcy court did not abuse its discretion in declining to exercise residual jurisdiction. *See In re Conco, Inc.*, 855 F.3d 703, 709 (6th Cir. 2017) (quoting *McMillan v. LTV Steel, Inc.*, 555 F.3d 218, 255 (6th Cir. 2009)) ("[T]his Court reviews the bankruptcy court's order directly, and gives no deference to the district court's decision."). The bankruptcy court's analysis of the merits is sound, as the district court recognized. Murray's counterarguments on appeal wholly fail to persuade us that any error occurred. And while Murray now discusses the four factors (albeit briefly), he fails to provide a particularized analysis as to how the bankruptcy court erred in considering those factors (per our prior instruction) and in determining their applicability. In that absence, we cannot conclude that the bankruptcy court abused its discretion in its assessment.

Accordingly, for the reasons stated in the bankruptcy and district courts' opinions, we affirm.